UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SANDERS LAMONT ADAMS aka
LAMONT ADAMS, 93-A-7902,

        Petitioner,

        -v-

VICTOR T. HERBERT, Supt. of Attica Corr. Facility,

        Respondent.

**DECISION and ORDER**
99-CV-840S(Sr)

---

Adams' petition for habeas corpus was denied by Order of this Court dated December 17, 2002. (Docket No. 38). By Order dated December 23, 2002, the Court denied petitioner's motion for reconsideration of a number of orders issued by the Court prior to its dismissal of the petition. (Document No. 40) Thereafter, petitioner's appeal was dismissed by the United States Court of Appeals for the Second Circuit. (Docket No. 42).

Presently before the Court is petitioner's motion seeking to have the Court reconsider and set aside its orders issued on December 17, 2002 and December 23, 2002, as described above, and to vacate and set aside orders which imposed sanctions upon petitioner on January 28, 2000 and October 24, 2000.[1]

The Court considers petitioner's submission to be a motion under Fed. R. Civ. P. 60(b), which provides relief from a final judgment, order, or proceeding when, for example, there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered

---

[1] Petitioner's notice of motion also requests a variety of additional relief, *e.g.*, release on bail, summary judgment, and a temporary restraining order, that can only be described as incomprehensible given the nature of this case and its present posture.

evidence which by due diligence could not have been discovered in time.

Petitioner's motion fails to provide any relevant information which would lead this Court to reconsider the orders denying his petition and his previous motion for reconsideration. The motion can only be described as incoherent and nonsensical, the fourteen page supporting affirmation consisting, for the most part, of a string of incantation-like and inscrutable citations to pleadings and orders that were filed in some of the many other frivolous lawsuits the petitioner has initiated in the federal courts in New York over the years.[2] In short, the instant motion is entirely in keeping with what the Second Circuit has termed the petitioner's "uncontrollable propensity to pursue vexatious and harassing litigation," *Adams v. Selsky*, 03-0023, Mandate (2d Cir. Apr. 12, 2004) (citations omitted), and illustrates why this Court imposed upon petitioner the sanctions enumerated in its Decisions and Orders of April 5 and June 13, 2005 in another of the many cases he has filed in the Western District. (*See Adams v. West*, 04-CV-0844S, Docket Nos. 9 and 12). Accordingly, the petitioner's motion for reconsideration is denied.

SO ORDERED.

Dated: September 21, 2005
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge

---

[2] The Court notes that, symptomatic of his long-standing habit of mixing all of his cases together, petitioner does not even use the correct case caption on the affirmation submitted in support of the instant motion.